UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY HARRIS, | : | **CIVIL NO.** 3:12-CV-0557 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| | : | |
| DAUPHIN COUNTY COURTS, *et al.*, | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

Tammy Harris has filed a 28 U.S.C. § 2254 habeas corpus petition.  We construe her claim to be that she is in Dauphin County pretrial detention and that she is asserting that her pretrial detention is in violation of her federally protected rights.  She also appears to be challenging the legal validity of the charge(s) pending against her.  She claims to be the owner of the John Harris mansion on Front Street in Harrisburg, Pennsylvania, and it appears that the charge(s) against her arise in some manner from her exercise of the ownership rights that she believes herself to have.  It appears to be her contention in part that her attempted entry to her mansion was

misconstrued as an attempted burglary, leading to her arrest. She also appears to assert that she is entitled to immunity from Pennsylvania criminal charges because she is in some manner associated with the United Kingdom.

28 U.S.C. § 2254 provides in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515

2

F.2d 437, 441 (3d Cir. 1975). Nevertheless, federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue the writ before a judgment is rendered in a state criminal proceeding. *Id.* at 441-42.

The petitioner has not asserted that she has exhausted her claims through the state court system.

Exhaustion of state remedies is statutorily mandated only in post-trial situations. *See* 28 U.S.C. § 2254(b). However, an exhaustion requirement in the 28 U.S.C. § 2241 pre-trial context has developed through decisional law. *Moore, supra*, 515 F.2d at 442. "[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Id.*

The exhaustion requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v.*

3

*Boerckel*, 526 U.S. 838, 844 (1999).  A habeas corpus petitioner bears the burden of demonstrating that she has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that she has fairly presented her claim to the state courts.  *Picard v. Connor*, 404 U.S. 270, 278 (1971).  To be fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts.  *O'Halloran*, *supra,* 835 F.2d at 508.  Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

      The court should not issue a writ of habeas corpus without exhaustion at the pre-trial stage unless extraordinary circumstances are present. *Moore, supra*, 515 F.2d at 443.

      Whatever the boundaries of "extraordinary circumstances," there is nothing in Harris' petition that

4

suggests that there are "extraordinary circumstances" which could justify pre-exhaustion federal habeas relief.

In another petition filed by Harris, *Harris v. Dauphin County Prison,* M.D. Pa. Civil No. 3:12-CV-0558, she avers that she has been convicted and she is challenging her conviction.

It is recommended that the petition be denied for failure to exhaust state judicial remedies.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 6, 2012.