IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY HARRIS,
    Petitioner

v.

DAUPHIN COUNTY COURTS, et al.,
    Respondents

CIVIL NO. 3:12-CV-557

(JUDGE NEALON)
(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

On March 28, 2012, Petitioner, Tammy Harris, an inmate currently confined at the Dauphin County Prison, Harrisburg, Pennsylvania filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On April 6, 2012, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation ("R&R") concluding that Petitioner failed to exhaust state court remedies and recommending that the habeas petition be denied. (Doc. 6). For the reasons set forth below, the R&R will be adopted.

### Standard of Review

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district

FILED
SCRANTON

MAY 1 4 2012

PER _____
DEPUTY CLERK

court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)); compare Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating that in the absence of objections, "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

In the instant action, objections to the R&R were due by April 23, 2012. Petitioner did not file specific objections to the R&R, but sent four letters to the Court, each containing rambling and nonsensical arguments. See (Doc. 7) (quoting Dr. Suess and stating, "I am the Federal Government!"); (Doc. 8) (claiming Petitioner owns the mansion she allegedly burglarized because it is owned by the Dauphin County Historical Society and "Dauphin County is Gov. that's me."); (Doc. 9) (alleging "I am the United Kingdom" and "I am the State William Penn = Pennsylvania that Harris..."); (Doc. 11) (asking, "Do you hear voices in your head? Yes everyone does! Your [sic] suppose to."). There is one reference in Petitioner's correspondence regarding the Magistrate Judge's recommendation in which Petitioner claims:

> Excuse me your wrong about having to exhaust state remedies. One stated elsewhere "you do not have to" 28 U.S.C. § 2254 provides in part (b)(1)(ii) ineffective to protect rights that's not case law. Do not use case law on me! You used right- I have a seal in my right hand!...

(Doc. 9, pp. 3-4). Although not required, this Court will conduct de novo review.

**Discussion**

The petition for writ of habeas corpus alleges that Petitioner is being detained in violation of her federally protected rights. (Doc. 1); (Doc. 6, p. 1). She challenges her confinement arising from burglary charges in the Court of Common Pleas of Dauphin County. Commonwealth of Pennsylvania v. Harris, CP-22-CR-444-2012 (filed January 30, 2012); see also MJ-12205-CR-528-2011 (initiated December 24, 2011). Liberally construed, Petitioner claims she is entitled to relief because she is a sovereignty. (Doc. 1, p. 6). Additionally, she alleges that the charge is a falsified crime because she owns the historic John Harris mansion where the alleged burglary occurred. (Id. at pp. 7-9); (Doc. 6, p. 1). Petitioner seeks charges against the Dauphin County Historical Society because this Court allegedly ordered them to return the keys to her "home." (Doc. 1, p. 10).

The habeas petition indicates that the state charges are still pending. (Doc. 1, p. 1). According to the county docket, a mental health evaluation was ordered on May 3, 2012 to determine Petitioner's competency to stand trial. See Harris, CP-22-CR-444-2012.

The R&R discusses the statutes and case law mandating exhaustion. (Doc. 6). Magistrate Judge Smyser explains that a court should not issue a writ of habeas corpus without exhaustion of state court remedies unless extraordinary circumstances are present. (Id. at p. 4), citing Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) and 28 U.S.C. § 2254(b)(1)(A). The Magistrate Judge determines that "there is nothing in Harris' petition that suggests that there are 'extraordinary circumstances' which could justify pre-exhaustion federal habeas relief." (Id. at pp. 4-5). Accordingly, the R&R recommends that the habeas petition be denied for failure to exhaust. (Id.).

After de novo review, this Court will adopt the R&R.

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases. As Magistrate Judge Smyser explains, a state prisoner must exhaust state court remedies before seeking federal habeas relief. See Williams v. Wynder, 232 Fed. Appx. 177, 178 (3d Cir. 2007) (affirming the District Court's dismissal of a section 2254 habeas petition because the petitioner failed to exhaust his claims in state court). It is clear from the instant habeas petition that Petitioner has not met this mandatory requirement because her charges are still pending before the state court. Accordingly, the habeas petition will be dismissed without prejudice.

Based on Petitioner's failure to exhaust remedies in state court, she has failed to make a showing of the denial of a constitutional right. See Merring v. Lackawanna County Prison, 2008 U.S. Dist. LEXIS 90647, *6 (M.D. Pa. 2008) (Jones, J.). Therefore, a certificate of appealability will not be issued. See 28 U.S.C. § 2253.

A separate Order will be issued.

Date: May 14, 2012

United States District Judge